

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CASEY GLYNN DOBBS, <br> TDCJ-CID No. 02197944, <br><br> Plaintiff, <br><br> v. <br><br> BRENT WARDEN, *et al.*, <br><br> Defendants. | § § § § § § § § § § § | 2:19-CV-059-Z-BR |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT AND DENYING INJUNCTIVE RELIEF

This matter comes before the Court on Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants, filed March 27, 2019 (ECF No. 3) ("Complaint") and Motion for Preliminary Injunction (ECF No. 37) ("Motion for Injunction"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED** and his Motion for Injunction is **DENIED**.

### FACTUAL BACKGROUND

By his Complaint, Plaintiff attempts to bring a claim on his minor son's behalf and seeks monetary damages for his son. Plaintiff asserts that Defendants, law enforcement officers, failed to act to protect his minor son from harm despite knowledge of the dangerous situation. *See* ECF No. 3, at 4, 6-8. Plaintiff claims his son's rights were violated by Defendants in their failure to act in their role as law enforcement officers. *Id.* By his Motion for Preliminary Injunction (ECF No.

37, at 1-2), Plaintiff requests the Court to enjoin Defendants from having any contact with his son. *Id.*

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

A federal court may issue a preliminary injunction to protect a movant's rights until his or her case has been finally determined. *See* FED. R. CIV. P. 65(a); 11A CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2941 (3d ed. 2020). To obtain a preliminary injunction, a movant must prove "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Robinson v. Hunt Country,*

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

*Texas*, 921 F.3d 440, 451 (5th Cir. 2019) (citations omitted). A preliminary injunction is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal marks omitted), *cert. denied*, 134 S. Ct. 1789 (2014). The party moving for a preliminary injunction must prove *all* four elements. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018); *Doe v. Landry*, 909 F.3d 99, 106 (5th Cir. 2018).

### ANALYSIS

The Court observes that Plaintiff cannot sue on behalf of his minor son. Although a litigant has the right to proceed in federal court as his or her own counsel, see 28 U.S.C. § 1654, individuals who do not have a law license may not represent other parties even on a next friend basis. *See Martin v. Revere Smelting & Refining Corp.*, No. 3–03–CV–2589–D, 2004 WL 852354 at *1 (N.D. Tex. Apr.16, 2004), *rec. adopted in part*, 2004 WL 1161373 (N.D. Tex. May 24, 2004), citing *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law [.]"). Several courts, including at least two judges in this district, have held that the right to proceed *pro se* in federal court does not give non-lawyer parents the right to represent their children in legal proceedings. *Rodgers v. Dallas Indep. Sch. Dist.*, No. 3–07–CV–0386–P, 2007 WL 1686508 at *2 (N.D. Tex. Jun.1, 2007); *Martin*, 2004 WL 852354 at *1; *see also Collinsgru v. Palmyra Bd. of Education*, 161 F.3d 225, 227 (3d Cir. 1998), *abrog. on other grounds*, 550 U.S. 516 (2007). In light of this clear precedent, all Plaintiff's claims are **DISMISSED** without prejudice for lack of standing. Plaintiff's request for injunctive relief must be **DENIED** because he cannot prevail on the merits of his underlying claim.

### CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is **ORDERED** that the Complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983 be **DISMISSED** without prejudice. Plaintiff's Motion for Injunction is **DENIED**.

**SO ORDERED.**

June 14, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE